Filed 10/21/24  P. v. Robert CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHN ROBERT,<br><br>Defendant and Appellant. | B333640<br><br>(Los Angeles County Super. Ct. No. BA477679) |

APPEAL from an order of the Superior Court of Los Angeles County, Charlaine F. Olmedo, Judge.  Affirmed.

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

John Robert appeals from his conviction by no contest plea of attempted murder (Pen. Code,[1] §§ 664/187, subd. (a), count 1) and admission of an associated gang allegation (§ 186.22, subd. (b)(1)(C)).  This case comes before us for review under the procedures prescribed in *People v. Wende* (1979) 25 Cal.3d 436, 441–442 (*Wende*).

At the preliminary hearing[2] evidence was adduced that in 2018, while incarcerated in jail, Robert and several other inmates attempted to kill a former fellow Southside criminal gang member.  Robert was charged with willful, deliberate, and premeditated murder (§§ 664/187, subd. (a), (count 1)), and it was alleged that he committed the crime in association with, at the direction of, and/or for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).

Following a preliminary hearing, Robert pleaded guilty to attempted murder and admitted the gang allegation.  The trial court sentenced Robert to the negotiated term of seven years in prison, plus 10 years for the gang allegation.  The court awarded Robert 1,827 days of credit.

Robert timely appealed and requested a certificate of probable cause, which the trial court denied.  We issued an order

---

[1] All further references are to the Penal Code.

[2] There were two preliminary hearings in this case.  The first occurred prior the effective date of Assembly Bill No. 333 (2021–2022 Reg. Sess.), which amended section 186.22 to require proof of additional elements to establish a gang enhancement. (*People v. Lee* (2022) 81 Cal.App.5th 232, 237.)  A second preliminary hearing was held after the amended laws became effective to permit the prosecution to cure any deficiencies that resulted from the changes in the law.

limiting the appeal to issues that do not require a certificate of probable cause, and appointed counsel.

Appointed counsel filed a brief pursuant to *People v. Wende, supra*, 25 Cal.3d 436, setting forth the facts of the case, raising no issues, and requesting that we independently review the record. On July 12, 2024, we advised Robert that he had 30 days to submit any contentions or issues he wished us to consider. No response has been received to date.

We have examined the entire record. We are satisfied no arguable issues exist and that Robert's counsel has fully satisfied her responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279–284; *Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

We affirm the trial court's order.
NOT TO BE PUBLISHED.

MOOR, Acting P. J.

WE CONCUR:

KIM, J.

DAVIS, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3